IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOHN AYERS,

    Plaintiff,

v.

J. D. LOZANO, et al.,

    Defendants.

No. C 13-04428 HRL (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Plaintiff, a state prisoner proceeding pro se, filed a complaint on behalf of himself, another inmate and "others similarly situated" against prison officials at Salinas Valley State Prison pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis.

## DISCUSSION

### A. Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is

1  immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be
2  liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
3  1988).

4       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
5  elements: (1) that a right secured by the Constitution or laws of the United States was
6  violated, and (2) that the alleged violation was committed by a person acting under the
7  color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

8  **B.    Plaintiff's Claim**

9       Plaintiff is the lead plaintiff in this action along with one other named plaintiff,
10 Charlie Lee Million. Generally, pro se plaintiffs are prohibited from pursuing claims on
11 behalf of others in a representative capacity. See Simon v. Hartford Life, Inc., 546 F.3d
12 661, 664-65 (9th Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir.
13 1962) ("a litigant appearing in propria persona has no authority to represent anyone other
14 than himself"); see also Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per
15 curiam) ("Ability to protect the interests of the class depends in part on the quality of
16 counsel, and we consider the competence of a layman representing himself to be clearly
17 too limited to allow him to risk the rights of others.") (citation omitted). In particular, pro
18 se prisoner plaintiffs may not act as class representatives because they cannot fairly and
19 adequately protect the interests of the class. See id. Here, Plaintiff is an incarcerated
20 litigant who cannot ably protect the interests of a class of similarly situated prisoners.
21 Accordingly, to the extent that Plaintiff is seeking class certification, such certification is
22 DENIED. This action will proceed only on the claims personal to Plaintiff John Ayers,
23 and the other plaintiff will be dismissed as a party to this action with leave to pursue a
24 separate civil action.

25      Plaintiff has filed a twenty-four page complaint with nearly 100 pages of exhibits,
26 as well as naming twenty defendants. Because this matter is proceeding solely on the
27 claims personal to Plaintiff, he shall be granted leave to file an amended complaint
28 containing only those claims and supporting documents pertinent to such claims.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff Charlie Lee Million is DISMISSED as a party to this action, to filing an individual civil action if he so desires. The Clerk shall terminate this plaintiff from this action.

2. The complaint is DISMISSED with leave to amend. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff Ayers shall file an amended complaint using the court's form complaint. The amended complaint must include the caption and civil case number used in this order – Case No. C 13-04428 HRL (PR) – and the words "AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. The amended complaint will completely supersede the original complaint, and Plaintiff may not make references thereto.

**Failure to respond in accordance with this order by filing an amended complaint in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED: 8/15/14

HOWARD R. LLOYD
United States Magistrate Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOHN AYERS,

        Plaintiff,

v.

J. D. LOZANO, et al.,

        Defendants.
_____/

Case Number: CV13-04428 HRL

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on __8/15/2014__, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Ayers C68750
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: __8/15/2014__        P Cromwell, deputy
                                        Richard W. Wieking, Clerk