IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN AYERS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. D. LOZANO, et. al.,<br><br>　　　　Defendants. | No. C 13-04428 HRL (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND SECOND AMENDED COMPLAINT; DENYING REQUEST FOR PRODUCTION**<br><br>(Docket No. 17) |

　　　　Plaintiff, a state inmate at Salinas Valley State Prison ("SVSP"), has filed a civil rights action under 42 U.S.C. § 1983, against SVSP prison officials for unconstitutional acts. The Court dismissed Plaintiff's complaint with leave to amend to file a complaint containing only claims personal to Plaintiff. (Docket No. 14.) The Court will now proceed with an initial review of Plaintiff's amended complaint. (Docket No. 15.)

## DISCUSSION

**A.   Standard of Review**

　　　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify

any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.    Plaintiff's Claims**

Plaintiff claims that it was common knowledge at SVSP that the Northern Mexicans prison gang had standing orders from their leader to "attack all blacks whenever or wherever they get the chance," which was why they were on lockdown. (Am. Compl. Attach. at 8.) Plaintiff claims that on November 21, 2010, Defendant Correctional Officer E. Martinez knowingly opened the cell doors of members of the Northern Mexicans, allowing them to attack Plaintiff, an African-American, and stab him multiple times with "shanks." (Id. at 8-9.) Liberally construed, Plaintiff's allegations are sufficient to state a violation of his Eighth Amendment right to safety. Farmer v. Brennan, 511 U.S. 825, 833 (1994) (finding that prison officials have a duty to protect prisoners from violence at the hands of other prisoners).

Plaintiff claims that Defendants E. Medina, W. Muniz, K. Kostecky, and J. D. Lozano found Defendant E. Martinez had violated departmental policy and yet refused to refer him to the District Attorney's office for prosecution. Plaintiff claims they did so to "foster a code of silence" to cover up Defendant Martinez's actions, and that it violated Plaintiff's First Amendment right to "free speech." (Am. Compl. Attach. at 10-11, 14.) These allegations, even if true, fail to state a violation of Plaintiff's right to free speech because there is no connection between the Defendants' alleged silence and Plaintiff's right to speak freely on the matter. Rather, the Free Speech Clause restricts government

regulation of private speech, but does not regulate government speech. Pleasant Grove City, Utah v. Summum, 129 S. Ct. 1125, 1331 (2009). Accordingly, the claims against these Defendants are **DISMISSED** for failure to state a claim. See 28 U.S.C. § 1915A(b)(1), (2).

Plaintiff also claims that Defendants S. Hatton, T. Krenke and L. Stepp were responsible for training Defendant E. Martinez and for "a policy of deliberate indifference to Defendant E. Martinez [sic] lack of training." (Am. Compl. Attach. at 11.) Plaintiff claims that Defendant Warden A. Hedgepeth is liable for giving Defendant Martinez "unsupervised authority about the opening and closeing [sic] of cell doors during a crisis situation." (Id.) However, these allegations are insufficient to state a claim of supervisor liability. A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)); Starr, 652 F.3d at 1207; Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). A plaintiff must also show that the supervisor had the requisite state of mind to establish liability, which turns on the requirement of the particular claim — and, more specifically, on the state of mind required by the particular claim — not on a generally applicable concept of supervisory liability. Oregon State University Student Alliance v. Ray, 699 F.3d 1053, 1071 (9th Cir. 2012). Accordingly, these claims are **DISMISSED WITH LEAVE TO AMEND**.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The claims against Defendants E. Medina, W. Muniz, K. Kostecky, and J. D. Lozano are **DISMISSED** for failure to state a claim upon which relief may be granted. The Clerk shall terminate these Defendants from this action.

2. The complaint is DISMISSED with leave to amend. Within **twenty-eight**

**(28) days** of the date this order is filed, Plaintiff shall file a SECOND AMENDED COMPLAINT using the court's form complaint. The second amended complaint must include the caption and civil case number used in this order – Case No. C 13-04428 HRL (PR) – and the words "SECOND AMENDED COMPLAINT" on the first page. Plaintiff must answer all the questions on the form in order for the action to proceed. The second amended complaint will completely supersede the amended complaint, and Plaintiff may not make references thereto.

3.   **In the alternative**, Plaintiff may file notice that he wishes to proceed solely on the Eighth Amendment claim found cognizable above against Defendant E. Martinez and strike all other claims and Defendants from the amended complaint.

4.   Plaintiff's "request for production," (Docket No. 17), is **DENIED** as premature. Plaintiff may proceed with discovery once the Court orders service of the complaint and directs Defendant(s) to file an answer.

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

DATED: 2/10/15

HOWARD R. LLOYD
United States Magistrate Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOHN AYERS,

    Plaintiff,

v.

J. D. LOZANO, et al.,

    Defendants.

Case Number: CV13-04428 HRL

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/11/2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John Ayers C68750
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: 2/11/2015

P Cromwell, deputy
Richard W. Wieking, Clerk